**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest E. Barela,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-09-01773-PHX-FJM<br><br>**ORDER** |

This is an appeal from a denial of social security disability insurance benefits. The court has before it plaintiff's opening brief (doc. 16), defendant's answering brief (doc. 21), and plaintiff's reply (doc. 25).

Plaintiff, Ernest Barela, filed an application for disability insurance benefits on October 12, 2006 alleging a disability onset date of June 27, 2004. His application was denied initially, on reconsideration, and on February 18, 2009, after two administrative hearings by an administrative law judge ("ALJ"). After the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision for purposes of judicial review under 42 U.S.C. § 405(g). On August 25, 2009 plaintiff filed an action in this court challenging the Commissioner's final decision.

We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as

1  adequate to support a conclusion." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007). An
2  ALJ's findings must be upheld "if supported by inferences reasonably drawn from the
3  record," even where "evidence exists to support more than one rational interpretation."
4  <u>Batson v. Comm'r of Soc. Sec. Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004).

5  The ALJ found that plaintiff has severe impairments of: back disorder, chronic kidney
6  disease, anxiety disorder, and depressive disorder. <u>Tr.</u> 20. Those impairments, however, did
7  not meet or medically equal one of the impairments in 20 C.F.R. Part 404, Subpart P,
8  Appendix 1. <u>Id.</u> "After careful consideration of the entire record," the ALJ found that
9  plaintiff has the residual functional capacity ("RFC") to "perform simple, repetitive tasks
10 with no complex or detailed instructions. He requires no public contact, limited contact with
11 co-workers, structured supervision, and he is moderately limited in his ability to accept
12 criticism from supervisors. He requires a sit/stand option and is precluded from heavy lifting
13 and repetitive bending." <u>Tr.</u> 28. In reaching this conclusion, the ALJ thoroughly discussed
14 the medical record and determined that the functional limitations resulting from plaintiff's
15 impairments are less severe then alleged. <u>Tr.</u> 20-22. The ALJ discredited the opinion of
16 Rodrick L. Meraz, PA-C that plaintiff could perform less than sedentary work because Mr.
17 Meraz was not an acceptable medical source and plaintiff's testimony contradicted his
18 findings. <u>Tr.</u> 21. The ALJ also discredited plaintiff's testimony regarding the severity of his
19 limitations based on his inconsistent statements and the effectiveness of treatment. <u>Tr.</u> 22,
20 25. As to plaintiff's mental impairments such as anxiety, the ALJ found certain limitations
21 and incorporated them into his RFC assessment, but ultimately found plaintiff's anxiety
22 disorder not completely disabling. In reaching this conclusion, the ALJ discredited the
23 findings of Joanne M. Babich, PhD, a state agency doctor because her report was inconsistent
24 with her own findings and with the general medical record.

25 After assessing plaintiff's RFC, the ALJ relied on a vocational expert's ("VE")
26 testimony, to determine that plaintiff was not capable of past work but was capable of the
27 unskilled light jobs of office helper, packer, and assembler. <u>Tr.</u> 27.

28 On appeal, plaintiff challenges a number of findings. First, plaintiff argues that the

1  ALJ committed error by failing to engage in a function-by-function analysis of his RFC.
2  Second, plaintiff contends that the ALJ failed to properly weigh medical source opinions
3  when he discredited Mr. Meraz and Dr. Babich's findings.  Third, plaintiff challenges the
4  ALJ's discrediting his subjective complaints and failure to give clear and convincing reasons
5  for doing so.  Finally, plaintiff argues that the ALJ committed error by relying on a
6  hypothetical that did not include all of plaintiff's impairments and by neglecting to resolve
7  conflicts between the VE and the Dictionary of Occupational Titles ("DOT").

**II.**

**A. RFC Assessment**

Plaintiff does not challenge the ALJ's findings at steps one through three of the sequential analysis, but only asserts legal error at steps four and five.  Initially, plaintiff contends that the ALJ failed to set forth a function-by-function assessment of plaintiff's RFC as required by Social Security Ruling ("SSR") 96-8p.  It is the ALJ's responsibility to assess a claimant's RFC based on all relevant medical evidence in the record.  See 20 C.F.R. § 404.1546; SSR 96-5p.  We will affirm an ALJ's RFC determination if the proper legal standard is applied and if the decision is supported by substantial evidence in the record. Bayliss v. Barnhard, 427 F.3d 1211, 1217 (9th Cir. 2005).

Contrary to plaintiff's allegations, the ALJ did not describe plaintiff's RFC merely in categorical terms, such as the ability to engage in sedentary or light work.  Rather, the ALJ engaged in a detailed discussion of plaintiff's various limitations.  The ALJ's RFC assessment found that plaintiff could:

> "consistently perform simple, repetitive tasks.  To reduce opportunities for anxiety, he is restricted from work involving complex or detailed instructions.  For the same reason, he is restricted against public contract.  He is assigned only limited contact with co-workers and assigned structured (non-heavy handed) supervision in light of his "sensitivity" to criticism as described by Dr. Babich (moderately deficit).  He requires a sit/stand option and is precluded from heavy lifting and repetitive bending." Tr. 26.

This is not a mere categorical assessment.

We also disagree with plaintiff's contention that the ALJ failed to sufficiently define

- 3 -

1  certain limitations, such as "structured supervision" or the "sit/stand option." Plaintiff
2  offered no authority supporting the argument that every term in an RFC assessment must be
3  defined. Even if such a requirement did exist, we conclude that the ALJ's RFC assessment
4  is sufficiently clear. Contrary to plaintiff's allegation, the ALJ actually does define structured
5  supervision, she uses the phrase, "non-heavy handed." Id. Furthermore, the VE testified that
6  the jobs of assembler, office helper, and packer, although unskilled in nature, still would
7  entail some supervision. Tr. 71. Lastly, Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir.
8  1989), did not set forth a requirement that an ALJ describe in detail the nature of a sit/stand
9  option. Here, we find the term effectively conveys the need for plaintiff to have a job that
10 allows him to alternate between sitting and standing.

11 Next, plaintiff argues that the ALJ did not consider the frequency and duration of his
12 anxiety disorder. A review of the ALJ's findings, however, demonstrates that the ALJ did
13 consider limitations created by plaintiff's anxiety disorder. For example, the ALJ found that
14 plaintiff only had mild restrictions in his activities of daily living but, because of his anxiety
15 disorder, on occasion "has moderate difficulties in maintaining social functioning." Tr. 25.
16 This finding reflects the ALJ's conclusion that plaintiff's anxiety disorder has an occasional
17 limiting effect, which is a rational interpretation of the record. Additionally, the ALJ's
18 considerations of plaintiff's anxiety disorder is reflected in the above mentioned RFC
19 assessment. Finally, the ALJ's findings that plaintiff needs "limited contact with co-workers"
20 and has only a "moderate ability to accept criticism from supervisors" are sufficiently clear.

21 **B. Medical Source Opinion**

22 Plaintiff contends that the ALJ failed to properly weigh medical source opinions
23 because she discredited Mr. Meraz and Dr. Babich. "By rule the Social Security
24 Administration favors the opinion of a treating physician over non-treating physicians." Orn
25 v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527). Although Mr.
26 Meraz treats plaintiff, he is only a physician's assistant. A physician's assistant is not an
27 acceptable medical source and thus cannot be considered a treating source whose opinion
28 may be entitled to controlling weight. See SSR 06-03p, 2006 WL 2329939, at *2.

1   Furthermore, as an "other source" Mr. Meraz's opinion cannot establish plaintiff's medical
2   limitations. <u>Id.</u>  Here, the ALJ correctly recognized this and offered further reasons for
3   discrediting Mr. Meraz's opinion (lack of objective medical evidence, contradicted by
4   plaintiff's testimony). <u>Tr.</u> 21. The mere fact that Dr. Awad signed off on the report is
5   insufficient to afford it great weight. Plaintiff testified that he did not know Dr. Awad, <u>Tr.</u>
6   48, and there is no evidence that Mr. Meraz worked with Dr. Awad on an interdisciplinary
7   team. <u>See Gomez v. Chater</u>, 74 F.3d 967, 970-71 (9th Cir. 1996) (affording great weight to
8   a nurse practitioner's opinion because she worked closely on an interdisciplinary team with
9   a doctor). Thus, the ALJ properly discredited Mr. Meraz's opinion.

10       As to Dr. Babich's opinion, plaintiff challenges the ALJ's determination that his
11  findings are inconsistent and therefore not entitled to great weight. First, we note that Dr.
12  Babich is not plaintiff's treating physician. Dr. Babich is a state agency doctor who
13  physically examined plaintiff because plaintiff was applying for disability benefits.
14  Therefore, Dr. Babich is an examining physician whose opinion would be entitled to more
15  weight than a non-examining physician and only could be rejected for specific and legitimate
16  reasons. <u>See Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995).[1] Here, the ALJ offered
17  specific and legitimate reasons for discrediting Dr. Babich's opinion.

18       The ALJ found that Dr. Babich's opinion was internally inconsistent and inadequately
19  supported by clinical findings. <u>See Thomas</u>, 278 F.3d at 957 (stating that an ALJ need not
20  accept the opinion of any physician that is "brief, conclusory, and inadequately supported by
21  clinical findings"). Dr. Babich concluded that plaintiff had marked limitations in his ability
22  to work in coordination with or proximity to others without being distracted, complete a
23  normal workday or week without interruptions from psychologically based symptoms, and
24  perform at a consistent pace without an unreasonable number and length of rest periods. <u>Tr.</u>

---

26  [1] Defendant's argument that Dr. Babich's opinion could only serve as substantial
27  evidence if it was consistent with the entire record is incorrect. That standard applies to non-examining physicians. <u>See Lester</u>, 81 F.3d at 831. The record indicates Dr. Babich actually
28  saw plaintiff and therefore he is an examining source.

- 5 -

1  23 (citing Dr. Babich's reports). The ALJ found that this was inconsistent with Dr. Babich's
2  other findings of only mild limitations in plaintiff's ability to get along with co-workers
3  without being distracted or showing behavioral extremes. We find that this is a reasonable
4  interpretation of the record. See Batson, 359 F.3d at 1193 (stating that we uphold an ALJ's
5  interpretation of the record as long as it is rational, even if another interpretation exists).

6  Furthermore, the ALJ discredited Dr. Babich's opinion because it was inconsistent
7  with other medical sources. Tr. 24. For example, Houshang Semino, M.D. evaluated
8  plaintiff and found that he had a GAF of 65 and that his anxiety disorder was responding
9  positively to treatment. Tr. 24, 542, 599. Plaintiff's records from the Southwest Behavioral
10 Service indicated only mild restrictions and also confirmed effectiveness of medication. Tr.
11 534, 538, 540, 544. In addition, we agree with the ALJ's finding that there is no indication
12 that plaintiff has moderate limitations in performing at a consistent pace. See Tr. 24, 334-37
13 (treatment records indicate normal and average results). Finally, as we discuss below,
14 because the ALJ properly discredited plaintiff's subjective complaints, she could then
15 discredit Dr. Babich's opinion because he based his findings in large part on what plaintiff
16 reported. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 695, 602 (9th Cir. 1999).

17 Plaintiff also asserts that rather than discrediting Dr. Babich's findings as inconsistent,
18 the ALJ had a duty to re-contact Dr. Babich to resolve the perceived inconsistencies. While
19 20 C.F.R. § 416.912(e) does require the ALJ to develop the record and re-contact medical
20 sources, that regulation applies only to treating sources and is only triggered when the report
21 is inadequate to make a disability determination. See Thomas, 278 F.3d at 958. As
22 discussed above, Dr. Babich is not a treating physician and there is no indication in the
23 record that the ALJ found the report inadequate to make a determination.

24 **C. Subjective Complaints**

25 Plaintiff contends that the ALJ committed legal error by failing to properly assess his
26 subjective complaints of pain. Generally, "questions of credibility and resolution of conflicts
27 in the testimony are functions solely for the agency." Parra v. Astrue, 481 F.3d 742, 750 (9th
28 Cir. 2007). "If the ALJ finds that the claimant's testimony as to the severity of [ ] pain and

- 6 -

1 impairments is unreliable, the ALJ must make a credibility determination with findings
2 sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit
3 claimant's testimony." Id. at 958 (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.
4 2001)).  The ALJ may consider factors such as the plaintiff's: reputation for truthfulness,
5 inconsistencies between the testimony itself or the testimony and conduct, daily activities,
6 work record, and testimony from physicians and third parties. Id.

7 Here, contrary to plaintiff's allegations, the ALJ does discuss why she discredited
8 plaintiff's testimony and provides a sufficient nexus for doing so.  The ALJ properly found
9 that plaintiff's allegations of disabling limitations were inconsistent with his daily activities
10 of household chores, caring for his own personal needs, participation in a weekly dart league,
11 taking long walks, and ability to socialize with friends. See id.; Tr. 24.  The ALJ noted that
12 plaintiff testified only to a limited version of these activities despite its inconsistency with
13 his prior reports and despite the ALJ's attempt to elicit more testimony. Tr. 25.  Furthermore,
14 the ALJ reasoned that plaintiff's ability to play darts indicates his cervical spine problem is
15 not as severe as alleged. Tr. 26.  The ALJ also considered various physicians' reports in
16 evaluating plaintiff's credibility, which was proper since it was not the only factor used.  As
17 the ALJ observed, the overall medical record supports a conclusion that plaintiff's back
18 problems and anxiety and depressive disorders were responsive and improved with treatment.
19 See Tr. 21-22, 24, 526, 534, 536, 538, 540, 542, 599; see also Crane v. Shalala, 76 F.3d 251,
20 254 (9th Cir. 1996) (finding responsiveness to treatment a proper reason to discredit a
21 plaintiff's credibility).  Therefore, because the ALJ's credibility determination is supported
22 by substantial evidence, we will uphold it.

23 **D.  Burden of Proof at Step Five**

24 Plaintiff finally argues that the ALJ proffered and relied on an incomplete hypothetical
25 to the VE and failed to identify and resolve conflicts between the VE and the DOT.

26 As to the hypothetical, an ALJ must ask a hypothetical question to a VE that is based
27 on medical assumptions supported by substantial evidence in the record and that reflects all
28 of the plaintiff's limitations. Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).  An ALJ

1 may, however, "accept or reject restrictions in a hypothetical question that are not supported
2 by substantial evidence." Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2000)
3 (upholding the use of a hypothetical that did not include limitations testified to only by the
4 plaintiff). Here, the ALJ relied on the VE's answer to hypothetical number two that was
5 based in large part on the findings of Dr. Babich, but did not include his finding that plaintiff
6 had moderate limitations in his ability to sustain a work day or work in coordination with
7 others. Tr. 69. We agree with the ALJ that based on the finding that those limitations were
8 not supported by substantial evidence in the record, the hypothetical did not have to include
9 them. Tr. 27. Accordingly, there was no error.

10 Finally, when a VE provides evidence about the requirements of a job, the ALJ has
11 a responsibility to ask about any possible conflict between that evidence and the DOT. See
12 SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th Cir. 2007) (holding that
13 application of SSR 00-4p is mandatory). An ALJ's failure to do so is procedural error unless
14 there is no actual conflict or the VE provides sufficient evidence to support the conclusion.
15 Massachi, 486 F.3d at 1154, n. 19.

16 Here, we agree with plaintiff that the ALJ committed procedural error by failing to
17 inquire about any conflict between the VE's testimony and the DOT. See id at 1154, n. 18
18 (stating that even when a VE simply testifies that a plaintiff is qualified for certain jobs, the
19 VE is indirectly providing evidence about the requirements of the job and therefore SSR 00-
20 4p applies). We also agree with plaintiff that there is an actual conflict with the position of
21 packer because the DOT classifies it as "medium work" and the VE testified that it was only
22 "light work." See Tr. 70, 72; U.S. Dep't. of Labor, Dictionary of Occupational Titles
23 ("DOT") 920.687-130, 1991 WL 687993 (4th ed., rev. 1991). SSR 00-4p states that an ALJ
24 cannot rely on a VE's testimony that an occupation is "light" instead of "medium." Therefore
25 it was error for the ALJ to rely on the VE's testimony that plaintiff could work as a packer.

26 Nevertheless, any error with regard to the packer position is harmless because plaintiff
27 is still capable of performing the jobs of office helper and assembler. While plaintiff
28 maintains that a conflict exists because the DOT requires coordinated work for both positions

1  and the VE's testimony contradicted that, we find that no such conflict exists. The ALJ
2  concluded that plaintiff had the RFC to perform a job with limited co-worker contact. There
3  is nothing in the DOT provisions for either position indicating that more than limited co-
4  worker conduct is required. See DOT 239.567-010, 1991 WL 672232 (office helper); DOT
5  369.687-010, 1991 WL 673070 (assembler). In fact, both positions rate interaction with
6  people as "not significant" and list the skills of talking and hearing as occasional or not
7  present. See id. Furthermore, the VE testified that the position of office helper only requires
8  "occasional" co-worker contact. Tr. 71. Therefore, even if there was a conflict, the VE's
9  response would qualify as a reasonable explanation according to SSR 00-4p (stating that one
10 reasonable explanation for a conflict could be evidence from a VE based on his personal
11 experience). We therefore conclude that the ALJ's error in finding that plaintiff was qualified
12 for the position of packer is harmless because there is no conflict between the DOT and the
13 VE's testimony regarding assembler or office helper. Accordingly, we will uphold the ALJ's
14 finding that plaintiff has the RFC to be an assembler or office helper.

15    Based on the foregoing, we conclude that the ALJ's determination that plaintiff is not
16 disabled, and therefore not eligible for benefits, is supported by substantial evidence in the
17 record. Accordingly, **IT IS ORDERED AFFIRMING** the Commissioner's denial of
18 benefits.

19    DATED this 3rd day of December, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge